UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Sherrill Key Fralix ) | C/A No. 2:15-cv-04467-DCN |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| The United States of America, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**COMPLAINT**
**(Federal Tort Claim)**
**(Personal Injury- Medical Malpractice)**

The Plaintiff, complaining of the Defendant herein, respectfully alleges as follows:

**PARTIES**

1. The Plaintiff, Sherrill Fralix, is a resident and citizen of the County of Colleton, State of South Carolina.

2. The Defendant, The United States of America, is the proper party to this action brought pursuant to statutory provisions of the Federal Tort Claims Act seeking money damages for personal injury caused by the negligent or wrongful acts and omissions of one or more federal government employees while acting within the scope of their federal employment. Title 28 U.S.C. §§1346(b), 1402, 2401(b), 2402, 2671 – 2680, et seq. (hereinafter referred to as "FTCA"). Plaintiff's allegations hereinafter are against one or more federal employees who are employed by the Charleston, SC Ralph H. Johnson VA Medical Center ("VAMC"), which is a "federal agency" as defined in the FTCA. 28 U.S.C. §2671.

1

## JURISDICTION AND VENUE

3. Plaintiff Sherrill Fralix is informed and believes that this is a circumstance where, if the United States were a private person, liability would be imposed under the laws of South Carolina, upon the doctors, hospital and other agents, servants and employees charged with the responsibility of care and proper recording and transmittal of information pertaining to the Plaintiff

4. The exclusive remedy against these agents of the government for the malpractice of the medical or paramedical employees of the Department of Veterans Affairs is under the Federal Tort Claims Act pursuant to 10 USC §1089, et seq.

5. This Court has jurisdiction of this action pursuant to its federal question jurisdiction as provided for by 28 USC §§1331 and 1346, in that the action is brought pursuant to the Federal Tort Claims Act, 28 USC §2671, et seq.

6. On or about March 6, 2015, Sherrill Fralix caused an administrative claim Form 95 to be mailed to the appropriate claims officer, Deborah Morrell, Assistant General Counsel at the Office of General Counsel, in Decatur, Georgia.

7. Thereafter, at the request of Ms. Morrell, counsel for Mr. Fralix provided documentation in support of the claim.

8. On or about September 8, 2015, Deborah Morrell, Department of Veterans Affairs' Office of Regional Counsel, communicated a final settlement offer in this case which was declined by the Plaintiff.

9. Under the FTCA, if the Plaintiff is dissatisfied with the action taken regarding his claim, he has six months to file suit. 28 U.S.C. §2675(a). 28 U.S.C. §2401(b). It has been more than six months after the Form 95 was filed and there has not been a final disposition made by the

appropriate Federal Agency; therefore, pursuant to 28 U.S.C. §2675(a), Plaintiff may now institute this action.

10.     Venue is proper in this district pursuant to Title 28 U.S.C. §§1391(b)(2), 1391(e) and 1402(b) because the events or omissions given rise to the Plaintiff's claim in this Complaint occurred in this district.

## FACTUAL ALLEGATIONS

11.     The Ralph H. Johnson VA Medical Center (hereinafter referred to as "VAMC"), is a federal agency of the United States Government and at all times relevant hereto, was doing business as a licensed medical care facility in Charleston, South Carolina.

12.     This is a claim for bodily injury based on medical malpractice that occurred at the VAMC in Charleston, South Carolina.

13.     On or about September 11, 2014, Sherrill Fralix underwent elective surgery at the VAMC to address some degree of detachment of the retina in his left eye.

14.     The surgery was undertaken by employees and agents of the VAMC while in the scope and course of their employment at the VAMC.

15.     As an incident of the procedure, and to accomplish the repair, a combination of air and gas was to be injected into the left eye; however, on information and belief, and as consequence of the improper operation of the involved equipment, only pure gas was injected, causing excessive pressure on, and total destruction of the retinal nerve.

16.     As a result of the sub-standard care provided by one or more employees and agents of the VAMC, Sherrill Fralix experienced extreme pain and emotional distress, was required to undergo additional surgical procedures, has incurred expense for the evaluation and care of

providers other than the VAMC, has permanently lost vision in his left eye and is informed and fears that he may ultimately lose the eye itself.

17. On information and belief, the improper administration of the intended air-gas mixture by the VAMC was a breach of the applicable standard of care and proximately caused permanent damage to Mr. Fralix.

18. On information and belief, legal responsibility for the permanent injury to Mr. Fralix has been acknowledged by various agents and employees of the VAMC.

19. Attached hereto are the following exhibits:

    a. Form 95, dated March 4, 2015.

    b. Institutional Disclosure of Adverse Event, dated October 3, 2014.

WHEREFORE, the Plaintiff respectfully prays for judgment against the Defendant for actual damages in the amount of $1,000,000.00, for the costs and disbursements of this action, and for such other and further relief as this Court deems just and proper.

                              WAGGONER LAW FIRM

                              S/Geoffrey H. Waggoner
                              Geoffrey H. Waggoner     Fed. ID No. 4477
                              Post Office Box 865
                              Mt. Pleasant, SC 29465
                              Office: (843) 972-0426
                              Fax:   (843) 972-0427
                              Email: ghwaggoner@waggonerfirm.com
                              Attorney for the Plaintiff

November 3, 2015
Mt. Pleasant, South Carolina